IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LANDY C. LEEP,<br><br>Plaintiff,<br><br>vs.<br><br>TRINITY UNIVERSAL INSURANCE COMPANY,<br><br>Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>SPRAUGE CONSTRUCTION ROOFING, LLC, a Montana Limited Liability Company,<br><br>Third-Party Defendant. | CV 16-57-BLG-TJC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SPRAUGE CONSTRUCTION LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Landy C. Leep ("Leep") filed this action against Defendant/Third-Party Plaintiff Trinity Universal Insurance Company ("Trinity"), seeking declaratory judgment that a homeowner's insurance policy issued by Trinity provides coverage for certain losses to Leep's residence. (Doc. 19.) Leep also brings claims for breach of insurance contract and breach of the Montana Unfair Trade Practices Act. (*Id.*) Trinity filed a Third Party Complaint against Third-Party Defendant Sprauge Construction Roofing, LLC ("Sprauge") for indemnity and contribution. (Doc. 13.)

1

Presently before the Court is Sprauge's Motion for Judgment on the Pleadings. (Docs. 24, 25.) Trinity has filed an opposition (Doc. 30), and Sprauge has filed a reply.[1] (Doc. 32.) For the following reasons, the Court finds Sprauge's motion should be **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND**

Leep's residence was insured under a homeowners policy issued by Trinity for the period of September 20, 2015 through September 20, 2016. (Doc. 19 at ¶¶ 9-12.) On January 19, 2016, Leep reported a claim to Trinity after noticing water dripping from a bathroom ventilation fan. (*Id.* at ¶¶ 14-15.) Leep informed Trinity that he had recently had his roof replaced due to hail damage from a 2014 hail storm, and reported the loss date as August 1, 2015. (*Id.* at ¶¶ 14, 21.) Sprauge was the roofing contractor who installed the new roof on Leep's residence. (Doc. 13 at ¶¶ 6-7.)

A Trinity representative conducted an inspection on January 21, 2016, and discovered that a disconnected vent flue had caused water vapor to condense in the attic space, which led to elevated moisture levels and damage. (Doc. 19 at ¶ 16.) A second inspection was conducted on February 2, 2016, and it was discovered

---

[1] Leep filed a response, indicating he takes no position as to the propriety of Sprauge's Motion for Judgment on the Pleadings. (Doc. 28.)

that the attic and significant portion of the residence interior was wet from the disconnected furnace vent. (*Id.* at ¶ 18.)

On February 22, 2016, Trinity rejected Leep's claim on the basis that the damage was caused by the roof replacement and "the result of improperly installed roof vent flashing and furnace vent flue," which is excluded from coverage under the policy. (Doc. 19 at ¶ 22.) Thereafter, Leep's attorney sent Trinity a letter explaining the failed flue vent was not within the scope of work contracted for with the roof contractor. (*Id.* ¶ 23.) On April 6, 2016, Trinity sent Leep another letter declining coverage on alternate grounds that the damage was due to Leep's personal failure to maintain the property. (*Id.* at ¶ 24.)

On April 13, 2016, Leep filed the instant action in the Montana Thirteenth Judicial District Court, Yellowstone County, Montana, seeking a declaration that the policy provides coverage for his claim. (Doc. 1.) Leep alleges the damage was a result of the failure of the furnace, which is a "heating system," and is therefore covered by the policy. (*Id.* at ¶ 23.) Leep also brought a cause of action for violation of the Consumer Protection Act, Mont. Code Ann. § 30-14-103. (*Id.*) On May 17, 2016, Trinity removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1441(b). (*Id.*)

On June 3, 2016, Trinity filed a Third-Party Complaint against Sprauge. (Doc. 13.) Trinity alleges that if the furnace vent became disconnected as alleged

by Leep, and/or the moisture entered the attic past the furnace vent roof flashing, Sprauge completed its work in a negligent or unworkmanlike manner. (*Id.* at ¶ 12.) Therefore, Trinity contends that if the Court finds in Leep's favor on the coverage issue, Trinity is entitled to indemnity and/or contribution from Sprauge. (*Id.* at ¶¶ 15-22.)

On June 6, 2016, Leep filed a First Amended Complaint, which removed the Consumer Protection Act claim, and added causes of action for breach of insurance contract and breach of the Montana Unfair Trade Practices Act. (Doc. 19.)

On July 21, 2106, Sprauge moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (Docs. 24, 25.)

## II. ANALYSIS

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).

Sprauge argues Trinity cannot legally obtain contribution from Sprauge. (Doc. 25.) Sprauge also argues Trinity's claim for indemnification is premature because under Montana law, the right to indemnity does not accrue until payment has been made, and the insured has been made whole. (*Id.*) Trinity concedes that

Sprauge's argument regarding the claim for contribution is well taken.[2] (Doc. 30.) However, Trinity argues its claim for indemnification is consistent with Federal Rule of Civil Procedure 14, and that Montana law allows an insurer to implead a third party under a theory of contingent liability. (*Id.*)

Federal Rule of Civil Procedure 14(a) provides that a defendant may file a third-party complaint against "a nonparty who is *or may be* liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (emphasis added). As noted by the Ninth Circuit, "[t]he purpose of the rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

In accordance with this purpose, several circuit courts, including the Ninth Circuit, have held that Rule 14(a) permits a defendant to bring an indemnity or subrogation claim against a third party even if the claim has not yet accrued under the governing substantive law. *See Mid-States Insurance Co. v. Am. Fidelity & Cas. Co.*, 234 F.2d 721, 731-732 (9th Cir. 1956) (finding Rule 14 allows third-party complaints for subrogation to be brought before they have accrued and

---

[2] In light of Trinity's concession, the Court will grant Sprauge's motion for judgment on the pleadings as to Count Two of the Third Party Complaint.

stating "the mere acceleration in time does not make the presentation of such claim premature"); *Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d. Cir. 1994) ("[Rule 14] permits a defendant to bring in a third-party defendant even though the defendant's claim is purely inchoate – *i.e.*, has not yet accrued under the governing substantive law – so long as the third-party defendant may become liable for all or part of the plaintiff's judgment"); *Green v. U.S. Dep't of Labor*, 775 F.2d 964, 971 n.7 (8th Cir. 1985) (noting Rule 14 "allows the accelerated determination of contingent and third party liability," even if "in state court an independent action would first be required to vindicate the substantive right"); *St. Paul Fire & Marine Ins. Co. v. United States Lines Co.*, 258 F.2d 374, 376 (2d Cir. 1958) ("To hold that the plaintiff must proceed against the Insurance Company and that the Insurance Company can take no steps to sue [the third party] until liability has been determined and the judgement paid would make of Rule 14 a nullity."); *Glens Falls Indemnity Co. v. Atlantic Bldg. Corp.*, 199 F.2d 60, 63 (4th Cir. 1952) (explaining Rule 14 was designed to "enable the rights of an indemnitee against an indemnitor and the rights of the latter against a wrongdoer to be finally settled in one and the same suit. It is generally held that it is no obstacle to a third party action that the liability, if any, of the third party defendant can be established only after that of the original defendant and after the satisfaction of the plaintiff's claim").

In this case, the substantive legal issues are governed by Montana law. Sprague maintains that an insurer's right to indemnity or subrogation under Montana law does not accrue until after payment has been made, and the insured has been made whole. *See Skauge v. Mountain States Tel. & Tel. Co.*, 172 Mont. 521, 528 (1977); *St. Paul Fire & Marine Ins. Co. v. Thompson*, 152 Mont. 396, 403-404 (1969). Nevertheless, because Rule 14 permits contingent claims to be brought against third parties, the fact that Trinity's claim against Sprauge has not yet accrued does not bar Trinity's Third-Party Complaint. *See e.g. National Union Fire Ins. Co. v. Federal Deposit Ins. Corp.*, 887 F.Supp. 262 (D. Kan. 1995) ("Rule 14(a) permits National Union to bring its subrogation claims against the third-party defendants even though under Kansas substantive law those claims have not yet accrued."). *See also State Farm Mut. Auto. Ins. Co. v. Solem*, 191 Mont. 156, 158 (1981) (holding an insurer "doesn't have to wait until it pays a judgment obtained before it has a right to bring [the third party] into the lawsuit," and noting that is true, "even if the liability of the third party is contingent and cannot be established until the original defendant has been held liable").

In line with these authorities, the Court finds that although Trinity's claim against Sprauge is contingent on a finding that Trinity is liable to Leep, the claim is sufficiently concrete to support a finding of ripeness. Once the rights between

Leep and Trinity are determined, Montana law will determine whether any recovery is possible against Sprauge.

In addition, there are overlapping factual issues between Leep's claims against Trinity, and Trinity's claims against Sprauge. For example, the issues of whether the water damage was caused by the roof replacement, and whether the roof vent flashing and furnace flue vent were properly installed, are relevant to both claims. (*See* Docs. 13, 19.) Rule 14 provides "a mechanism for disposing of multiple claims arising from a single set of facts in one action expeditiously and economically." Wright, Miller and Kane, *Federal Practice and Procedure*, vol. 6, § 1442, at 342 (3rd ed. 2010). The Court therefore finds the interests of judicial economy support allowing Trinity's Third-Party Complaint against Sprauge to proceed pursuant to Rule 14(a). *Mid-States Ins. Co.*, 234 F.2d at 732 (noting that "Rule 14 is intended primarily to avoid circuity of action and in aid of that purpose should be liberally construed"); *St. Paul Fire & Marine Ins. Co*., 258 F.2d at 375 ("The very purpose of [Rule 14] is to eliminate the necessity of independent actions against persons who 'may be liable' where liability may be determined upon the facts common to, or arising out of, the same transaction.").

/ / /

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Sprauge's Motion for Judgment on the Pleadings is **GRANTED** as to Count Two of Trinity's Third Party Complaint, and **DENIED** as to Count One.

**IT IS ORDERED**.

DATED this 28th day of March, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge